UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVE CURTIS, | ) |
| Plaintiff, | ) No. 05 C 0207 |
| v. | ) Judge John W. Darrah |
| ADVOCATE HEALTH AND HOSPITALS CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dave Curtis, filed suit against Defendant, Advocate Health and Hospitals Corporation; and through his First Amended Complaint, he alleges race discrimination in violation of 42 U.S.C. § 1981 (Count I), retaliation (Count II), age discrimination (Count III), and denial of equal pay (Count IV). Plaintiff brought suit pursuant to 42 U.S.C. § 1981; the Age Discrimination in Employment Act; the Equal Pay Act; and the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Presently before the Court is Defendant's Motion to Dismiss Counts II, III, and IV of Plaintiff's First Amended Complaint.

### BACKGROUND

Plaintiff is a sixty-seven year-old black male. He was hired by Defendant in July of 2000 and worked within the environmental services department at Defendant's Christ Hospital facility as a Tech II. During his employment with Defendant, Plaintiff was subjected to terms and conditions of his employment that were not applied to similarly situated younger employees and non-black employees. Specifically, Plaintiff was assigned additional job duties that were not assigned to non-black counterparts; disciplined; denied assistance; received no corrective action when he made internal complaints and filed grievances of discrimination; denied pay and work

hours granted to younger, non-black employees; threatened with termination after he complained internally of discrimination; subjected to racial slurs, racially offensive language, racially offensive graffiti, language offensive to his age, and disparate terms and conditions of employment; and excluded from company training where younger similarly situated employees were not.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was discriminated against based on his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). On October 14, 2004, the EEOC issued Plaintiff a Notice of Right to Sue, granting him rights under the ADEA.

On January 13, 2005, Plaintiff filed a *pro se* Complaint of Employment Discrimination. Paragraph 7.2 of the Complaint states that he received a Final Agency Decision on October 19, 2004. Paragraph 8(b) of the Complaint states that Plaintiff received a Notice of Right to Sue by the EEOC on October 14, 2004. Paragraph 9 states that Plaintiff was discriminated against by Defendant because of his age, in violation of the ADEA. Sometime after filing the Complaint, Plaintiff retained private counsel. However, Plaintiff's counsel did not file an amended complaint; and neither Plaintiff nor his counsel ever effected service of process on Defendant.

Thereafter, Plaintiff filed another charge with the EEOC, alleging that he was discriminated against by Defendant because of his race and in retaliation for a charge of discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and because of his age, in violation of the ADEA. On October 28, 2005, the EEOC issued Plaintiff a Notice of Right to Sue, granting him rights under Title VII, the Americans with Disabilities Act ("ADA"), and/or the ADEA, and also under the Equal Pay Act ("EPA").

On February 13, 2006, Plaintiff's case was referred to Magistrate Judge Michael T. Mason for a settlement conference. By October 17, 2006, a settlement conference had not taken place; and Defendant still had not been served. Plaintiff attended all scheduled settlement conferences and status hearings. However, Plaintiff's retained counsel neglected to appear. Subsequently, Plaintiff retained new counsel.

On November 30, 2006, Plaintiff's new counsel appeared before the Court and was granted sixty days to amend Plaintiff's *pro se* Complaint and properly effect service. Plaintiff's new counsel filed a First Amended Complaint, alleging four Counts: (1) Race Discrimination in Violation of 42 U.S.C. § 1981 (2000); (2) Retaliation; (3) Age Discrimination; and (4) Denial of Equal Pay. Plaintiff brings these actions pursuant to § 1981, the ADEA, the EPA, and the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Defendant received the First Amended Complaint and signed a Waiver of Service of Summons.

## ANALYSIS

Defendant moves to dismiss Plaintiff's Count II, retaliation, Count III, age discrimination, and Count IV, denial of equal pay, of his First Amended Complaint. Specifically, Defendant argues that Counts II, III, and IV should be dismissed under Rule 12(b)(5) because Plaintiff has not met the service requirements of Rule 4(m). A dismissal pursuant to a violation of Rule 4(m) dismisses the entire "action." Fed. R. Civ. P. 4(m). Therefore, all counts are considered together.

*Timeliness of the Pro Se Complaint*

Defendant contends that Counts II, III, and IV of Plaintiff's First Amended Complaint should be dismissed because his initial *pro se* Complaint was filed more than ninety days after he received his Notice of Right to Sue ("Notice") under the ADEA. Defendant makes this argument because Plaintiff stated in Paragraph 8(b) of his *pro se* Complaint that he received the Notice on October 14, 2004, which means that ninety-one days elapsed before he filed the *pro se* Complaint. The basis for Defendant's contention is that if Plaintiff did not file a timely initial Complaint, then he cannot adopt the initial Complaint's filing date as the filing date for his First Amended Complaint pursuant to Rule 15(c). *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (*Henderson*) ("[I]n order to benefit from Rule 15(c)'s relation back doctrine, the original complaint must have been timely filed."). Without the ability to relate the age discrimination charge in the First Amended Complaint back to the date of the initial Complaint, Defendant argues, Plaintiff would lose his right to sue because the filing date of the First Amended Complaint is past the ninety-day requirement to file suit.

Defendant's Motion to Dismiss under this theory should have been made pursuant to Rule 12(b)(6) (failure to state a claim upon which relief can be granted) rather than Rule 12(b)(5). *See Henderson*, 253 F.3d at 933 (affirming the district court's grant of Defendant's Rule 12(b)(6) motion to dismiss because Rule 15(c) cannot be used to relate back an amended complaint to an untimely filed original complaint). Nevertheless, this argument is unconvincing. Plaintiff's *pro se* Complaint contains two conflicting statements. In Paragraph 7.2, Plaintiff states that he received a Final Agency Decision on October 19, 2004. However, in Paragraph 8(b), Plaintiff states that he received the Notice on October 14, 2004. These two dates should be the same since the Notice contains the Final Agency Decision. Despite the conflict, "*pro se*

4

pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Additionally, Plaintiff states in his First Amended Complaint that he filed the *pro se* Complaint within ninety days of receiving the Notice. Furthermore, the date of receipt is presumed to be five days from the mailing date where there is no proof of receipt. *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989). For these reasons, the date of receipt is considered to be October 19, 2004; and Plaintiff timely filed the *pro se* Complaint within ninety days of receipt of the Notice.

*Dismissal Under Rule 4(m)*

Second, Defendant contends that Counts II, III, and IV of Plaintiff's First Amended Complaint should be dismissed because Plaintiff failed to serve Defendant within one-hundred and twenty days after filing the *pro se* Complaint. Defendant argues that if Plaintiff's *pro se* Complaint is dismissed, Plaintiff's First Amended Complaint would not "relate back" to the *pro se* Complaint's filing date pursuant to Rule 15(c)(2). *See Scott v. Guarantee Reserve Life Ins. Co.*, No. 95 C 6622, 1998 WL 177954 at *5 (N.D. Ill. Apr. 7, 1998) (*Scott*). As a result, Plaintiff would lose his right to sue pursuant to the Notice since the First Amended Complaint's filing date is beyond the ninety-day limit.

Rule 4(m) states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

5

Plaintiff is in violation of Rule 4(m) since he filed the *pro se* Complaint on January 13, 2005, and first served Defendant almost two years later. Subsequently, in determining whether to dismiss the action in violation of Rule 4(m), the court "must first inquire whether a plaintiff has established good cause for failing to effect timely service. If good cause is shown, the court shall extend the time for service for an appropriate period." *Panaras v. Liquid Carbonic Indus., Inc.*, 94 F.3d 338, 340-41 (7th Cir. 1996) (*Panaras*).

Plaintiff apparently contends that this Court has already recognized good cause and consequently extended time for service for sixty days. While the Court did extend time for service at the hearing on November 30, 2006, Defendant, at that time, had not made a motion to dismiss the *pro se* Complaint since it had not yet been served. When Defendant was finally served, it moved for dismissal pursuant to Rule 12(b)(5). Presently, dismissal of the *pro se* Complaint is considered for the first time. *See Scott*, 1998 WL 177954 at *2.

Since good cause has not yet been considered, that issue is considered now. Plaintiff has not demonstrated good cause to mandate an extension of time for service of summons. A *pro se* litigant's ignorance of the 120-day time limit does not establish good cause under Rule 4. *See Williams-Guice v. Board of Educ.*, 45 F.3d 161, 164 (7th Cir. 1995); *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 782 (N.D. Ill. 1998). Also, "simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination." *Lloyd v. U.S.*, 900 F.2d 1045, 1047 (7th Cir. 1990). Neither Plaintiff's lack of knowledge of the 120-day time limit nor his former attorney's failure to serve Defendant, without more, demonstrates good cause.

However, the court has the discretion under Rule 4(m) to "either dismiss the action without prejudice or direct that service be effected within a specified time." *Panaras*, 94 F.3d at

340. The Advisory Committee Note to Rule 4(m) provides: "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments; *Panaras*, 94 F.3d at 341. Other factors include "whether granting an extension of time to serve the defendant would prejudice the defendant's ability to defend the lawsuit, whether the defendant had actual notice of the lawsuit, and whether the defendant was eventually served." *Brooks v. Union Pacific R.R.*, No. 05 C 4982, 2006 WL 2853597 at *1 (N.D. Ill. Oct. 2, 2006) (*Brooks*), citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) (*Troxell*).

Defendant has not shown why Plaintiff cannot demonstrate good cause; it provides no reasons why an extension of time for service would prejudice its ability to defend the lawsuit. *Compare Rockett v. Marten Transport, Ltd.*, No. 99 C 3957, 2000 WL 816785 at *3 (N.D. Ill. June 22, 2000) (granting an extension for service where the ninety-day statute of limitations would otherwise bar the refiled action and the defendant is not prejudiced by the extension) *with Scott*, 1998 WL 177954 at *4 (not granting an extension for service where, although the ninety-day statute of limitations would otherwise bar a refiling, the defendant was prejudiced because the alleged discrimination occurred four years prior, important witnesses had left the company, and the EEOC case file had been destroyed). Finally, Defendant was eventually served with the First Amended Complaint. For these reasons, an extension of time for service is granted; and Defendant's Motion to Dismiss Counts II, III and IV of the First Amended Complaint, pursuant to Rule 12(b)(5), is denied.

## CONCLUSION

For the foregoing reasons, Advocate Health and Hospitals Corporation's Motion to Dismiss Counts II, III, and IV, pursuant to Rule 12(b)(5), is denied.

Dated: May 15, 2007

JOHN W. DARRAH
United States District Court Judge

8